Filed 3/4/14  P. v. Gibson CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B252374 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA411672) |
| v. | |
| LEDARIO GIBSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Rand S. Rubin, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

After his motion to suppress was denied, defendant and appellant Ledario Gibson pleaded no contest to possession of a controlled substance, and admitted he had suffered a prior strike conviction. (Health & Saf. Code, § 11377, subd. (a); Pen. Code, §§ 667, subds. (b)-(j); 1170.12, subds. (a)-(d).) We affirm.

## FACTS[1]

Los Angeles Police Officer Richard Acosta and his partner stopped and spoke to a probationer on a public street, then accompanied him about a half mile to an apartment at 6105 Franklin Avenue to conduct a probation "compliance" search. The officers used the probationer's key to enter his apartment. Gibson was in the entry room area of the apartment. Officer Acosta asked Gibson if he lived at the apartment, and Gibson stated that he did not. When Officer Acosta asked Gibson if he had identification, Gibson said that he had none, but that he had a "ticket" with his name on it in a purse. Officer Acosta asked Gibson if he could look in the purse for the ticket, and Gibson said yes. When Officer Acosta looked in the "main compartment" of the purse, he saw a small glass pipe with a "residue resembling methamphetamine" and a clear plastic baggie "with an off-white residue resembling methamphetamine." Officer Acosta poured the contents of Gibson's purse on a bed, and found the ticket mentioned by Gibson; it showed that he lived at 1611 North Schrader.

In June 2013, the People filed an information charging Gibson with possession of a controlled substance. (Health & Saf. Code, § 11377, subd. (a).) Further, that Gibson suffered a prior strike conviction for assault in 2007. (Pen. Code, §§ 667, subds. (b)-(j); 1170.12, subds. (a)-(d); 245, subd. (a)(1).) Gibson filed a motion to suppress "all of the officers' observations" at the Franklin Avenue apartment, as well as the glass pipe and the plastic baggie containing methamphetamine. Gibson's argued that the officer's entry into the apartment was unlawful because they did not have a warrant, and that any

---

[1] As this appeal arises from a judgment after a plea, the facts summarized in this opinion are compiled from the preliminary hearing and the hearing on Gibson's motion to suppress.

consent to search his purse was involuntary because it followed from the initial, unlawful entry into the apartment.

The People presented evidence establishing the facts summarized above. Gibson testified in his own behalf. He expressly acknowledged on cross-examination that he did not live at the Franklin Avenue apartment, but had only been visiting on the day the officers entered and conducted their search. He did not deny that he gave an officer permission to search the purse. He recalled that he was "freaked out" by the police in the apartment, and that he had told an officer that he had a ticket with his name on it in his purse. After listening to the lawyers' argument, the trial court denied Gibson's motion to suppress on the ground that he did "not have standing" to challenge the officers' entry into the apartment under *People v. Robles* (2000) 23 Cal.4th 789 and similar cases. As stated by the court: "Mr. Gibson had no expectations of privacy. It's not [Mr. Gibson]'s location. No standing."

Gibson waived his constitutional trial rights and pleaded no contest to the drug possession count, and admitted the strike allegation. The trial court suspended imposition of sentence and placed him on formal probation for two years under Proposition 36. (See Pen. Code, § 1210.1.) Further, the court found Gibson had served 119 actual days in custody, with 119 days of local good time/work time credit, and that these credits would be available in the event of Gibson's subsequent incarceration. The court imposed a $280 restitution fine, a $280 probation revocation fine to become effective in the event of subsequent revocation, a $40 court security fee; a $30 conviction assessment; a $150 drug program fee; a $50 lab fee, and a $145 penalty assessment.

Gibson filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Gibson on appeal. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, requesting that we review the record on appeal for arguable issues. Counsel's declaration accompanying the *Wende* brief indicated that he had notified Gibson by letter at his last known address, but the postal service returned counsel's letter marked "forwarding address unknown."

3

We thereafter notified Gibson by letter (at his last known address as shown by appointed counsel in the brief) that he could submit any claim, argument or issues which he wished us to review. The postal service returned our letter. We resent the letter. The second mailing was also returned. Gibson has not filed any claim of error in our court. We have independently reviewed the record on appeal, and are satisfied that Gibson's appointed counsel fulfilled his duty, and that no arguable issues exist. (*People v. Wende, supra,* 25 Cal.3d 436, *People v. Kelly* (2006) 40 Cal.4th 106.)

## DISPOSITION

The judgment is affirmed.


BIGELOW, P. J.

We concur:


RUBIN, J.


FLIER, J.